# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| WELDON B. BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-181 ACL |
| | ) |
| MICHAEL PRITCHETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and state law. The motion is granted. Additionally, the Court will order the Clerk to issue service of process.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the Honorable Michael Pritchett, Circuit Court Judge, 36th Judicial Circuit, and a John Doe sheriff's deputy. Plaintiff alleges that he attended the plea hearing of Alyson Walker before Judge Pritchett in July 2015. He claims that Judge Pritchett accused him of "trying to pick up young jailed women," and told Plaintiff to leave the courtroom. As he was leaving the courtroom, Judge Pritchett said he did not want Plaintiff in his courtroom unless he had business before the court.

On May 3, 2016, Plaintiff attended a proceeding for his fiancé, again before Judge Pritchett. He says Judge Pritchett called him to the bench and accused him of passing of contraband to prisoners. Judge Pritchett ordered him out of the courtroom again.

Plaintiff says that Defendant John Doe followed him out of the courtroom and informed him that Judge Pritchett had banned him from the courthouse. Doe told Plaintiff not to return to the courthouse unless he was summoned by the court.

Plaintiff seeks declaratory and monetary relief.

## Discussion

Plaintiff's official-capacity claims are frivolous and must be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state employees); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (action against municipal employees in their official capacities cannot lie absent allegations of policy or custom of governmental entity).

Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). And under some circumstances judges can order that criminal proceedings be closed. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S.

2

555, 580-81 (1980) (First Amendment right to attend criminal trials is not absolute). In this action, however, Plaintiff alleges that Judge Pritchett ordered him removed from *future* criminal proceedings. Moreover, he allegedly banned Plaintiff from the courthouse entirely absent summons from the court. While the injunction, as alleged, was apparently imposed by Judge Pritchett, it is unknown whether any official factual findings were made. Additionally, it is not obvious that Judge Pritchett has the jurisdiction to impose such an injunction. Therefore, the Court will order the Clerk to serve Judge Pritchett with process in his individual capacity.

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, John Doe Defendant's name should be ascertainable during discovery. As a result, the Court will not dismiss Defendant John Doe at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims as to the Honorable Michael Pritchett, Circuit Court Judge, 36th Judicial Circuit is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on Defendant Michael Pritchett, individually.

Dated this 16th day of August, 2016.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

3