UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WELDON V. BRYANT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:16-CV-181 ACL |
| MICHAEL PRITCHETT, et al., | ) |  |
| Defendants, | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Michael Pritchett's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is granted, and this action is dismissed with prejudice.

**Background**

Plaintiff brings this action against the Hon. Michael Pritchett, Circuit Court Judge, 36th Judicial Circuit, ("Pritchett") and a John Doe sheriff's deputy. Plaintiff attended the plea hearing of Alyson Walker before Pritchett in July 2015. Pritchett accused him of "trying to pick up young jailed women" and told him to leave the courtroom. As he was leaving the courtroom, Pritchett said he did not want plaintiff in his courtroom unless he had business before the court.

On May 3, 2016, plaintiff attended a proceeding for his fiancé, again before Pritchett. He says Pritchett called him to the bench and accused him of passing contraband to prisoners. Pritchett ordered him out of the courtroom again.

Defendant John Doe followed him out of the courtroom and informed him that Pritchett had banned him from the courthouse. Doe told him not to return to the courthouse unless he was

summoned by the court. Plaintiff does not allege, however, that he subsequently attempted to enter the courthouse but was denied access.

**Standard**

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.

**Discussion**

Judge Pritchett contends that he is entitled to absolute immunity because he has jurisdiction over his courtroom and the courthouse in which it is located. Alternatively, he argues that he is entitled to qualified immunity because plaintiff has failed to identify a clearly established right. The Court agrees.

Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be

resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11 (citations omitted). Moreover, allegations of malice are insufficient to overcome qualified immunity. *Id.*

A judge acts in his judicial capacity when he exercises control over his courtroom and the courthouse in which it is located. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court"). As a result, plaintiff's allegations do not show that Pritchett acted outside of his jurisdiction, and Pritchett is therefore entitled to absolute immunity.

Even if Pritchett were not entitled to absolute immunity, he would be entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiff has not shown that Pritchett violated his constitutional rights or that any such right was clearly established.

Moreover, "[t]o state a claim [for denial of meaningful access to the courts, a plaintiff] must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he suffered any legal injuries as a result of defendant's actions. Therefore, he has failed to state a First Amendment claim for denial of access to the courts. For these reasons, defendant's motion to dismiss is granted.

Additionally, defendant John Doe is dismissed under 28 U.S.C. § 1915(e). Court personnel "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless [they] acted in the clear

absence of all jurisdiction." *Boyer v. County of Washington,* 971 F.2d 100, 101 (8th Cir.1992) (internal quotations marks and citation omitted). *See also Maness v. District of Logan County–Northern Div.,* 495 F.3d 943 (8th Cir.2007) (clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule). Doe merely conveyed Pritchett's message to plaintiff. Therefore, Doe is entitled to immunity as well.

Finally, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Pritchett's motion to dismiss [ECF No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

Dated this 14th Day of February, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE